UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN DAGGETT,

    Petitioner,

 v.

                    Case No. 11-C-0100

DANIEL NEUFELDER,

    Respondent.

**ORDER**

On January 27, 2011 John Daggett filed a complaint alleging that Affinity Health Systems, through its CEO Daniel Neufelder, violated the False Claims Act, 31 U.S.C. § 3729 et seq., by billing the government three times for a single medical appointment, and submitting a bill for an appointment the plaintiff claims he cancelled.

Plaintiff paid the full $350 filing fee but "[n]otwithstanding any filing fee ... that may have been paid," a district court "shall dismiss [a] case at any time if the court determines that ... the action or appeal ... is frivolous or malicious ... [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(I). Here Plaintiff's case will be dismissed, not only because he has failed to comply with the filing and service requirements for his cause of action, but also because Plaintiff has failed to state a claim upon which relief can be granted.

This is a *qui tam* action. *See Williams v. Wells Fargo & Co.,* 177 F. 352 (8th Cir.1910) (A *qui tam* action is an action to recover a penalty brought by an informer pursuant to statute where one portion of the recovery goes to the informer and the other portion to the state). The False Claims

Act provides that a *qui tam* complaint filed by a private person shall be filed in camera and that it shall remain under seal for at least 60 days without disclosure to the defendant, which time may be extended for good cause upon motion by the government. 31 U.S.C. § 3730(b)(2), (3). After the *qui tam* action is filed under seal the government reviews it and may elect to intervene and proceed with the action itself. 31 U.S.C. § 3730(b)(2). Alternatively the government may dismiss the action brought by the private *qui tam* plaintiff. 31 U.S.C. § 3730(c)(2)(A). Here Plaintiff has not filed his complaint under seal and the government has not been afforded an opportunity to review his allegations of fraudulent billing. Thus the Court will dismiss Plaintiff's case, without prejudice, for failure to comply with the *qui tam* statute's mandatory filing and service requirements. *See Erickson ex rel. United States v. Am. Inst. of Biological Sciences,* 716 F. Supp. 908, 912 (E.D. Va. 1989); *United States ex rel. Pilon v. Martin Marietta Corp.,* 60 F.3d 995, 1000 (2d Cir. 1995) (dismissing plaintiffs' *qui tam* complaint when plaintiffs failed to file complaint under seal or serve government); *Burns v. Lavender Hill Herb Farm, Inc.,* 2002 WL 31513418 at *7 (E.D. Pa. Oct. 30, 2002) (dismissing plaintiff's False Claims Act claims for failure to comply with filing and service requirements). By failing to file his *qui tam* action under seal Plaintiff also frustrated the congressional goals of the provisions which were designed in part to prevent wrongdoers from being tipped off that they were under investigation. For this reason, the complaint will be dismissed.

Plaintiff's action must also be dismissed because Plaintiff has failed to comply with Federal Rule of Civil Procedure 8(a). Under that rule, in order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here Plaintiff's claim is neither short nor plain. It is difficult to understand what, exactly, plaintiff is alleging because he devotes the majority of his

2

complaint to general statements about the Fair Claims Act, *qui tam* actions, and fraud in the insurance industry. The documentation attached to Plaintiff's complaint indicates that the Department of Veterans Affairs did pay three bills for services rendered on November 16, 2010, but this does not by itself support Plaintiff's claim that the government paid three times for the exact same medical service. It is possible that Plaintiff received, and the Government was billed for, three separate services performed on the same day. Rather than cluttering the complaint with legal citations as to the nature and history of the False Claims Act and the problem of fraud in government contracts, Plaintiff should explain the specifics of his own claim so as to provide notice as to what the defendant is alleged to have done that has given rise to the claim asserted.

Accordingly and for the reasons set forth above, Plaintiff's complaint is dismissed; however, the dismissal is without prejudice.

Dated this    31st    day of January, 2011.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge